## FRANK BEALMAN v. COMMONWEALTH.

**Criminal Law—Shooting at Another—Indictment—Certainty—Proof—Varience —Description of Person Injured.**

An indictment must be direct and certain; first, as to the party charged; second, as to the offense charged. Where the offense involves the commission of an attempt to commit an injury to persons or property, and is described in other respect with sufficient certainty to identify the act, an erroneous allegation as to the person injured or attempted to be injured is not material. Where the indictment charges shooting at "A" and the proof shows shooting at "B," the varience is fatal.

**Changing Indictment.**

In the present case the attorney for the Commonwealth attempted to remedy the defect by entering upon the record the real name of the party injured, which is unauthorized.

APPEAL FROM NELSON CIRCUIT COURT.

December 12, 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

The court erred in permitting the evidence of T. P. Lewis to go to the jury and it should have been excluded upon the motion made by the counsel for the appellant to that effect. The indictment charges the appellant with unlawfully shooting at T. P. Lewis and the testimony is, that he shot at Thomas P. Lewis. The 123 section of the Criminal Code provides: that the indictment must be direct and certain: 1st, as to the party charged. 2nd, as to the offense charged. The 127 section Criminal Code provides: *"Where the offense involves the commission of an attempt to commit an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured is not material."*

This court in the case of Kevil vs. The Commonwealth, 5 Bush, 375, involving a question somewhat similar to the one under consideration says, "the name of the deceased was alleged to be Barbara Kevil, *the wife of the defendant.* The evidence is that her name was Margaret, the name however is but de-

scriptive and the person killed being described as the prisoner's wife and no objection made to the evidence or motion to exclude it, the prisoner could not have been misled, &c."

In the present case the evidence was objected to, and there was nothing in the indictment descriptive of the party alleged to have been injured, except the name. The offense is for shooting, at a particular person, and the proof is that the accused shot at another and different person. If the indictment can be sustained upon the proof then the same is altogether immaterial. One may be indicted for shooting at A and convicted of shooting B. An indictment and conviction for shooting T. P. Lewis would be no bar to an indictment for shooting Thomas P. Lewis. In the case of Nunley vs. The Commonwealth, 1st Bush, page 11, a party was charged in the indictment with shooting Stephen Daniel's hog, and the proof was that he stole the hog of Philip Daniel. This court held that the conviction was improper and that the offense charged was entirely different from the offense proven. In the present case the attorney for the Commonwealth attempted to remedy the defect by entering upon the record the real name of the party injured. There is no provision of the Code authorizing such a proceeding, if so, every defective indictment could be cured in the same way. There is a provision of the Code authorizing the Commonwealth by her attorney, when the name of the defendant is improperly alleged, to have the proper name given, by an entry on the record. This is in Section 124. The judgment of the court below is reversed and cause remanded for further proceedings in conformity with this opinion.

*Johnson, for appellant.*